# EXHIBIT A

Case 4:17-cv-00911-O   Document 1-1   Filed 11/10/17   Page 2 of 30   PageID 5



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 11/10/17 10:14 AM |
|---|---|

| Cause Number: | 048-295648-17 | Date Filed: 10-11-2017 |
|---|---|---|

ANGELA ELLISON    | VS |    ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

Cause of Action:     CONTRACT, CONSUMER/DTPA

Case Status:     PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 10-11-2017 | PLTF ANGELA ELLISON'S ORIG PET | N | I | | 289.00 | |
| 10-11-2017 | COURT COST (PAID) trans #1 | Y | | | | 289.00 |
| 10-11-2017 | CIVIL PROCESS REQ | I | | | | 0.00 |
| 10-11-2017 | CIVIL INFO SHEET | | | | | 0.00 |
| 10-11-2017 | JURY FEE | N | | | 40.00 | |
| 10-11-2017 | COURT COST (PAID) trans #5 | Y | | | | 40.00 |
| 10-11-2017 | CITATION | V | A | Svc | 8.00 | |
| 10-11-2017 | COURT COST (PAID) trans #7 | Y | | | | 8.00 |
| 10-11-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | V | A | Svc | 75.00 | |
| 10-11-2017 | COURT COST (PAID) trans #9 | Y | | | | 75.00 |
| 10-11-2017 | COPIES - ELECTRONIC (SENT TO DP) | N | | | 11.50 | |
| 10-11-2017 | COURT COST (PAID) trans #11 | Y | | | | 11.50 |
| 10-18-2017 | CITATION Tr# 7 | V | A | Svc | -8.00 | |
| 10-18-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL Tr# 9 | V | A | Svc | -75.00 | |
| 10-18-2017 | CIT Cert Mail-ISSUED ON ALLSTATE FIRE AND CASUALTY INSURANCE COM-On 10/18/2017 | N | A | Svc | 83.00 | |
| 10-30-2017 | CIT Cert Mail Tr# 15 RET EXEC(ALLSTATE FIRE AND CA SUALTY INSURANCE COMPANY) On 10/20/2017 | I | | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

048-295648-17

FILED
TARRANT COUNTY
10/11/2017 4:36 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| **ANGELA ELLISON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| *Defendant* | § | |

## PLAINTIFF ANGELA ELLISON'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Angela Ellison, (hereinafter referred to as "Plaintiff"), complaining of Allstate Fire and Casualty Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

## PARTIES

2. Plaintiff is an individual residing in Tarrant County, Texas.

3. Allstate Fire and Casualty Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent

of service, CT Corporation System, located at the following address: 1999 Bryan St Ste 900 Dallas, TX

75201.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Allstate Fire and Casualty Insurance Company because

Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas

and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

Specifically, Allstate Fire and Casualty Insurance Company sought out and marketed for insurance in

Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v.*

*General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Tarrant County, Texas, because the Property is situated in Tarrant County, Texas. TEX.

CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Allstate Fire and Casualty Insurance Company, (hereinafter

referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 4800 Hideout Trl, Arlington, Texas 76016.

9.  Defendant Allstate Fire and Casualty Insurance Company and/or its agent sold the Policy insuring the

Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 16, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Allstate Fire and Casualty Insurance Company. Plaintiff subsequently opened a claim on March 16, 2016 and Defendant Allstate Fire and Casualty Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Allstate Fire and Casualty Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to

place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level _**SHALL**_ be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant Allstate Fire and Casualty Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Allstate Fire and Casualty Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant Allstate Fire and Casualty Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20.  All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.


## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant Allstate Fire and Casualty Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the

---

full authorization or ratification of Defendant Allstate Fire and Casualty Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## <u>NEGLIGENCE</u>

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant Allstate Fire and Casualty Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property.  Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A.  Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B.  Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant Allstate Fire and Casualty Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Allstate Fire and Casualty Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Allstate Fire and Casualty Insurance Company had

the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made

due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite

objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant

Allstate Fire and Casualty Insurance Company breached its contractual obligations under the Policy by

failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses

associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual

and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that

constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas

Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which

        it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE

        § 17.46(b)(12));

    B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final

        terms of a consumer transaction (§ 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this Original Petition, Defendant Allstate Fire and Casualty Insurance Company represented to Plaintiff that her Policy and Allstate Fire and Casualty Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35. As described in this Original Petition, Defendant Allstate Fire and Casualty Insurance Company represented to Plaintiff that her Policy and Allstate Fire and Casualty Insurance Company's adjusting and

investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant Allstate Fire and Casualty Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant Allstate Fire and Casualty Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant Allstate Fire and Casualty Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant Allstate Fire and Casualty Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Allstate Fire and Casualty Insurance Company, to her detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff

now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## <u>VIOLATIONS OF THE TEXAS INSURANCE CODE</u>

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

   A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

   B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably

believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant Allstate Fire and Casualty Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant Allstate Fire and Casualty Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Allstate Fire and Casualty Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much

greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Allstate Fire and Casualty Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant Allstate Fire and Casualty Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant Allstate Fire and Casualty Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Tarrant County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Allstate Fire and

Casualty Insurance Company, disclose all information and/or material as required by Rule 194.2,

paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Allstate Fire and Casualty Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Allstate Fire and Casualty Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate Fire and Casualty Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Allstate Fire and Casualty Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Allstate Fire and Casualty Insurance Company and its assigned adjuster, and all correspondence between Allstate Fire and Casualty Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1.  Please identify any person Allstate Fire and Casualty Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Allstate Fire and Casualty Insurance Company or Allstate Fire and Casualty Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate Fire and Casualty Insurance Company or any of Allstate Fire and Casualty Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate Fire and Casualty Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Allstate Fire and Casualty Insurance Company received notice of the claim;

    b.    The date and manner in which Allstate Fire and Casualty Insurance Company acknowledged receipt of the claim;

    c.    The date and manner in which Allstate Fire and Casualty Insurance Company commenced investigation of the claim;

    d.    The date and manner in which Allstate Fire and Casualty Insurance Company requested from the claimant all items, statements, and forms that Allstate Fire and Casualty Insurance

Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.     The date and manner in which Allstate Fire and Casualty Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Allstate Fire and Casualty Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate Fire and Casualty Insurance Company's document retention policy.

10. Does Allstate Fire and Casualty Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does Allstate Fire and Casualty Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Allstate Fire and Casualty Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe Allstate Fire and Casualty Insurance Company's bonus or incentive plan for adjusters.

## **CONCLUSION**

66.  Plaintiff prays that judgment be entered against Defendant Allstate Fire and Casualty Insurance Company and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant Allstate Fire and Casualty Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly entitled.

RESPECTFULLY SUBMITTED,

/S/ CHIDI A. OHA
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi A. Oha
State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Chidi@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

Cause Number 048-295648-17

ANGELA ELLISON        ALLSTATE FIRE AND CASUALTY
VS        INSURANCE COMPANY

## OFFICER'S RETURN

Received this __Citation By Certified Mail__ on the 18th day of October, 2017 at 10:02 AM; and executed at __B/S CT CORP SYSTEM/REG AGT 1999 BRYAN ST STE 900 DALLAS TX 75201__

within the county of _____ State of TX on the 30th day of October, 2017 by mailing to the within named __ALLSTATE FIRE AND CASUALTY INSURANCE COM__ a true copy of this __Citation By Certified Mail__ together with the accompanying copy of:
__PLAINTIFF ANGELA ELLISON'S ORIGINAL PETITION__

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH, TX 76196-0402
County of Tarrant, State of Texas

By  KATHY BALLARD

Fees $ 75.00

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal) _____
County of Tarrant, State of Texas

*0482956481700015*

FILED
TARRANT COUNTY
2017 OCT 30 AM 8: 25
THOMAS A. WILDER
DISTRICT CLERK

**UNITED STATES POSTAL SERVICE.**

FILED
TARRANT COUNTY

2017 OCT 30  AM 8: 26

THOMAS A. WILDER
DISTRICT CLERK

Date Produced: 10/23/2017

TARRANT COUNTY:

The following is the delivery information for Certified Mail™/RRE item number 9414 8149 0202 4634 0636 93. Our records indicate that this item was delivered on 10/20/2017 at 09:42 a.m. in DALLAS, TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 048-294648-17 DP AC CM

# Ship Request Form

**Ship Request #:** 016316



## Sender

| | | | | |
|---|---|---|---|---|
| **Name:** | Civil DocProd | | **Attn To:** | Allstate Fire and Casualty Insurance Company |
| **Account #:** | | | **Company:** | B/S CT Corporation System-Reg Agt |
| **Phone:** | 817-884-1591 | | **Address:** | 1999 Bryan St |
| **Email:** | DC_CivilDocProd@tarrantcounty.com | | | Ste 900 |
| **Mail Stop:** | | | **City:** | Dallas |
| **Building** | | | **State:** | TX |
| **Floor:** | | | **Zip:** | 75201 |
| **Shipper Ref:** | 048-294648-17 DP/AC/CM | | **Country:** | US |

## Shipping Instructions

9414 8149 0202 4634 0636 93

## Items

| Units | Description | Code | Origin | Unit Value | Total Value |
|---|---|---|---|---|---|

FILED
TARRANT COUNTY
2017 OCT 30 AM 8: 26
THOMAS A. WILDER
DISTRICT CLERK

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION*                                    *Cause No. 048-295648-17*

ANGELA ELLISON

VS.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

## TO: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

B/S CT CORP SYSTEM/REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF ANGELA ELLISON'S ORIGINAL
PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service
hereof before the 48th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

ANGELA ELLISON

Filed in said Court on  October 11th, 2017 Against
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

For suit, said suit being numbered 048-295648-17 the nature of which demand is as shown on said
PLAINTIFF ANGELA ELLISON'S ORIGINAL PETITION  a copy of which accompanies this citation.

---

CHIDI A OHA
Attorney for ANGELA ELLISON Phone No. (713)334-6121
Address     411 N SAM HOUSTON PKWY E STE 200 HOUSTON TX 77060

____Thomas A. Wilder____ , Clerk of the District Court of Tarrant County, Texas, Given under my hand and seal
of said Court, at office in the City of Fort Worth, this the 18th day of October, 2017

AMANDA CARTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

**Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402**

---

## OFFICER'S RETURN *04829564817000015*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF ANGELA ELLISON'S ORIGINAL PETITION
having first endorsed on same the date of delivery.

_____
_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                              _____
County of _____, State of _____

E-C/MiSR# 016316

*CITATION*

Cause No. 048-295648-17

ANGELA ELLISON

VS.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

ISSUED

This 18th day of October, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        AMANDA CARTER Deputy

CHIDI A OHA
Attorney for: ANGELA ELLISON
Phone No. (713)334-6121
ADDRESS: 411 N SAM HOUSTON PKWY E STE 200

HOUSTON, TX 77060

*CIVIL LAW*



*04829564817000015*

ORIGINAL

DISTRICT CLERK
THOMAS A. WILDER

2017 OCT 30 AM 8: 25

TARRANT COUNTY
FILED